# Exhibit 1

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-0889-16-C** _____

| | | |
|---|---|---|
| RGOI ASC, LTD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | OF HIDALGO COUNTY, TEXAS |
| | § | |
| AETNA LIFE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RGOI ASC, Ltd. , Plaintiff in the above styled and numbered cause and files this, its Original Complaint against Aetna Life Insurance Company and for causes of action would show as follows:

### I.   Discovery

1. Plaintiff intends to conduct Level 2 discovery pursuant to TRCP 190.3.

### II.   Parties and Personal Jurisdiction

2. Plaintiff, RGOI ASC, Ltd. (RGOI), is a Texas limited Partnership, formed and operating under the laws of the State of Texas with its offices and principle place of business at 5520 North "C" Street, McAllen, Hidalgo County, Texas 78504.

3. Defendant, Aetna Life Insurance Company (Aetna) is a foreign life, accident and health insurance company licensed to do business in the state of Texas with its offices and principle place of business 151 Farmington Avenue, Hartford, Connecticut 06156. It may be served with process by serving its registered agent CT Corporation Systems with citation and a copy of this complaint at 1919 Bryan Street, Suite 900 Dallas, Texas 75201.  Pursuant to Tex. C. Prac. R. Code §17.042, Aetna has entered into contracts with

Case 7:16-cv-00167   Document 1-2   Filed in TXSD on 04/08/16   Page 3 of 11

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0889-16-C

Texas citizens and/or committed torts in the State of Texas and has sufficient related and unrelated contacts with the State of Texas to make it amenable to suit in the courts of this state. This Court therefore has personal jurisdiction over the Defendant Aetna.

### III.     Venue and Subject Matter Jurisdiction

4.      This lawsuit involves the failure to properly pay medical service provider claims for services rendered to patients in Hidalgo County, Texas. The acts and events giving rise to Plaintiff's claims occurred predominantly in Hidalgo County. Therefore under the provisions of Texas Civil Practice and Remedies Code, § 15.002, venue is proper in Hidalgo County. The misrepresentations and deceptive practices which form the basis of this suit occurred in Hidalgo County. In particular, the false representations were received by RGOI at its offices in Hidalgo County and the representations pertained to coverage for medical treatment to be provided by RGOI at its facility located in Hidalgo County to Aetna's insureds who worked and resided in Hidalgo County. Aetna intended for RGOI to act on its misrepresentations by providing the medical care in question to its insureds in Hidalgo County. RGOI's reliance upon the misrepresentations occurred in Hidalgo County because it provided the services in question here and in further reliance, RGOI refrained from making alternative financial arrangements for payment in Hidalgo County. Finally, RGOI incurred all of its damages here in Hidalgo County. Aetna sent letters to RGOI in Hidalgo County and which included an explanation of benefits and which enclosed partial but inadequate amounts of the billed amount. There is a substantial connection between Plaintiff's claims and Hidalgo County.

Case 7:16-cv-00167   Document 1-2   Filed in TXSD on 04/08/16   Page 4 of 11

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0889-16-C

5.	For negligent misrepresentation and violation of the Texas Insurance Code §541.151 et. seq.  The amount in controversy exceeds the minimum jurisdictional amount of this Court.

6.	Pursuant to TRCP 47 (c) (4) Plaintiff seeks damages of more than $200,000 but less than $1,000,000.

## IV.   Statement of Facts

7.	Plaintiff is an ambulatory, free-standing, surgery center (ASC) and performs arthroscopic surgery on patients insured by Aetna.  Between 2011 and 2015, RGOI provided its ASC facility for the following patients set out on Exhibit A hereto. The total amount billed was $478,828, Aetna allowed between 20-25% and of that amount, Aetna has paid a meager $70,327.98.

8.	The basis of the under payments has been consistent.  These policies pay a usual & customary (U&C) or reasonable and customary (R&C) reimbursement. RGOI maintains historical allowable and payment data on Aetna.  The average allowable for RGOI's facility fee is between $15,000 and $18,000.  RGOI has verified the reimbursement methodology for all of the above claimants and these claims should have been paid with an allowable of $367,546.00 and a total payment of $217,717.00

9.	The services were performed and properly billed. Prior to performing services Plaintiff contacted Aetna and verified the existence of benefits and the payment methodology. Aetna acknowledged the policies were in effect and that benefits for the ASC were covered.  As a result of Aetna's representations, Plaintiff agreed to provide services, which it did.  The representations made by Aetna were false and as a result Plaintiff has been damaged as set out herein above.

Case 7:16-cv-00167   Document 1-2   Filed in TXSD on 04/08/16   Page 5 of 11

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0889-16-C

### V. First Cause of Action: Violation of Texas Insurance Code §451.151 et. seq

Plaintiff Incorporates Paragraphs 1 through 9 as if fully set forth herein and in addition would plead as follows:

10. As a medical service provider Plaintiff has standing to assert a claim for benefits provided to Defendant's insureds. As a Texas Limited partnership, Plaintiff is a person who has sustained damages as a result of the conduct of Aetna and its acts and practices as provided for in §541.151.

11. Tex. Ins. Code §541.151 (2) specifically incorporates the provisions of Tex. Bus. Comm. Code §17.46 (b). Aetna's refusal to properly pay clean claims as set out herein above is in direct violation of Tex. Bus. Comm. Code §17.46. Specifically Aetna has violated the following sub-sections of §17.46 (b):

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Aetna represented to the Plaintiff when benefits were verified that the insurance provided coverage for the insured and his injury. As a good and/or service, Aetna's insurance has failed to perform as represented.

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Again, Aetna represented that the insurance coverage provided to the patient, upon which Plaintiff relied in providing services was valid, subsisting and would provide coverage for the facility fee. It has not.

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to

4

Case 7:16-cv-00167   Document 1-2   Filed in TXSD on 04/08/16   Page 6 of 11

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0889-16-C

induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Plaintiff contacted Aetna to verify the existence of benefits. Had Aetna not confirmed the benefits were valid Plaintiff would not have provided its facility and in that respect Aetna's misrepresentation induced Plaintiff to provide its facility for the Patient/Insureds' surgery. In addition, Aetna has violated Tex. Ins. Code §541.060 (a) (2) (A) by failing in good faith to effectuate an equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear and by misrepresenting to a claimant a material fact or policy provision relating to coverage.

12. Pursuant to Tex. Ins. Code §541.152 (a) (1) Plaintiff, may bring a claim for actual damages because Plaintiff relied, to its detriment on the conduct of Aetna which violates the three specific provisions of §17.46 (b) enumerated above. Plaintiff may also bring a claim for actual damages pursuant to Tex. Ins. Code 541.151 (1) for a violation of Tex. Ins. Code §541.060. Plaintiff alleges that the conduct of Aetna has been committed knowingly and intentionally as defined by Tex. Ins. Code §541.152 (b). As such Plaintiff is entitled to three times the amount of its actual damages with regard to any violation of Texas Bus. Comm. Code §17.46 (b). Pursuant to the provisions of §154.152 (a) (1) Plaintiff is also entitled to its reasonable and necessary attorney's fees and costs of court.

13. Although Plaintiff made numerous appeals on the claims that form the basis of the lawsuit, the Plaintiff did provide the notice required under Tex. Ins. Code §541.154 and allow Aetna sixty days to resolve the dispute or otherwise settle the disputed claims. As a result Plaintiff acknowledges that Aetna is entitle Code to a 60-day abatement of this lawsuit as provided for in Tex. Ins. Code §541.155. In order to comply with that

Case 7:16-cv-00167   Document 1-2   Filed in TXSD on 04/08/16   Page 7 of 11

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0889-16-C

provision, Plaintiff has included a demand letter as required by Tex. Ins. Code §154.154 that was served on the same day as this complaint was filed and is attached hereto as Exhibit B. Plaintiff has been damaged in the amount set out herein above and asks this court to award it those damages along with any and all trebling as provided by the statute.

## VI.  Sixth Cause of Action: Negligent Misrepresentation

Plaintiff incorporates paragraphs 1-9 as if fully set out herein below and in addition and/or the alternative would plead as follows:

14.     The elements of negligent misrepresentation in Texas are as follows:

(1) The defendant provided information in the course of his business, or in a transaction in which he has a pecuniary interest;

(2) The information supplied was false;

(3) The defendant did not exercise reasonable care or competence in obtaining or communicating the information;

(4) The plaintiff justifiably relied on the information; and

(5) The plaintiff suffers damages proximately caused by his reliance on the false information, *Larsen v Carlene Langford & Associates Inc.,* 41 S.W.3d 245 (Tex. App.-Waco 2001 no pet. h.)

15.     As set forth herein above, Aetna provided information as to the existence and viability of insurance.  That information was false and Aetna failed to exercise reasonable care in providing evidence and representations of coverage.  The Plaintiff agreed to and in fact performed the services described above.  Plaintiff has now been damaged economically as a result of its justifiable reliance on Aetna's misrepresentations for which it prays relief be granted.

**C-0889-16-C**

WHEREFORE PREMSIES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon trial on the merits that it be awarded judgment as follows:

1. $147,389.02 for the wrongful denial of the clean claims as provided for in the Texas Ins. Code §541.151 et. seq.;

2. For three times the amount of actual economic damages for the knowing and intentional nature of the Defendant's conduct;

3. For attorney's fees as provided for in the Texas Ins. Code §451.152 (1);

4. $147,389.02 for the negligent misrepresentation as to the existence and extent of insurance coverage for the Patient/Insureds.

5. For any and all other relief whether at law or in equity to which the Plaintiff is otherwise entitled.

Respectfully Submitted

/S/ Mark A. Weitz
Mark A. Weitz
SB# 21116500
Weitz Morgan PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
512-394-8950
512-852-4446 (facsimile)

Chris Franz
Texas State Bar No. 0792514
PERALEZ FRANZ, LLP
1416 Dove Avenue
McAllen, Texas 78504
956-683-3660
956-682-3848 (facsimile)
ATTORNEYS FOR RGOI ASC, LTD.

Electronically Filed
2/24/2016 12:31:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

EXHIBIT C-0889-16-C

| | Patient | DOS: | Appeal Sent | Denial date | Claim # | Billed | Allowed | Paid | Expected Allowable | Expected Pay |
|---|---|---|---|---|---|---|---|---|---|---|
| 1.) | Daisy R | 4/9/11 | 12/23/15 | Pending | | $19,395 | $2,985 | $1,743.31 | $15,516 | $9,309 |
| 2.) | Rodolfo I | 9/24/11 | 12/5/11 | 1/2/12 | | $34,823 | $3,952 | $3,162.00 | $27,858 | $13,929 |
| 3.) | Arturo V | 10/20/11 | 2/7/12 | 2/21/12 | | $27,595 | $6,076 | $3,592.25 | $22,076 | $13,245 |
| 4.) | Adam C | 10/22/11 | 1/20/12 | 3/20/12 | | $18,095 | $2,474 | $0.00 | $14,476 | $10,133 |
| 5.) | Lydia C | 11/19/11 | 12/23/15 | 1/22/16 | | $20,195 | $5,311 | $1,986.90 | $16,156 | $9,693 |
| 6.) | Melly S | 4/28/12 | 12/16/15 | Pending | | $26,795 | $6,314 | $157.24 | $21,436 | $10,718 |
| 7.) | Ramon R | 8/11/12 | 2/17/16 | Pending | | $20,585 | $5,528 | $514.21 | $16,468 | $8,234 |
| 8.) | Eva W | 11/15/12 | 12/16/15 | 2/10/16 | | $22,335 | $2,374 | $0.00 | $17,868 | $12,507 |
| 9.) | Luis M | 4/13/13 | 12/23/15 | Pending | | $19,095 | $9,810 | $4,905.25 | $15,276 | $9,165 |
| 10.) | Erin C | 6/14/13 | 7/19/13 | 11/12/13 | | $18,735 | $1,818 | $1,037.25 | $14,988 | $10,491 |
| 11.) | Xavier S | 8/23/13 | 10/1/13 | 3/10/14 | | $18,070 | $1,818 | $1,272.97 | $14,456 | $10,119 |
| 12.) | Jennifer G | 9/21/13 | 11/19/13 | 3/10/14 | | $12,260 | $1,542 | $0.00 | $9,808 | $4,904 |
| 13.) | Kathleen D | 11/23/13 | 3/18/14 | 7/9/15 | | $20,795 | $1,150 | $690.00 | $16,636 | $9,981 |
| 14.) | James F | 12/13/14 | 1/13/15 | 1/23/15 | | $22,090 | $3,285 | $1,971.29 | $17,672 | $10,603 |
| 15.) | Isabel  | 4/17/15 | 5/6/15 | 8/23/15 | | $23,590 | $9,298 | $6,508.25 | $18,872 | $13,210 |
| 16.) | Noel C | 6/20/15 | ASKING FOR RECOUPEMENT | | | $27,295 | $23,941 | $23,941.45 | $21,836 | Recoupment/ $5,459 |
| 17.) | Gloria D | 8/15/15 | 12/29/15 | 1/28/16 | | $28,360 | $11,682 | $6,610.74 | $22,688 | $13,612 |
| 18.) | Marcelino C | 11/14/15 | 12/16/15 | 1/13/16 | | $22,065 | $1,776 | $1,065.82 | $17,652 | $10,591 |
| 19.) | Leonel G | 11/12/15 | 1/4/16 | Pending | | $28,615 | $9,910 | $6,937.00 | $22,892 | $16,024 |
| 20.) | Maria G | 11/6/15 | 12/19/15 | 12/28/15 | | $22,625 | $5,158 | $2,578.91 | $18,100 | $9,050 |
| 21.) | David G | 12/4/15 | 1/19/16 | 2/10/16 | | $25,415 | $2,755 | $1,653.14 | $20,332 | $12,199 |
| | | | | | TOTAL: | $478,828 | $118,957 | $70,327.98 | $367,546 | $217,717 |

**C-0889-16-C**



Mark A. Weitz, Attorney/Partner
512.657.1849
mweitz@weitzmorgan.com

February 24, 2016

*By facsimile transmission*
*855-459-8650*
Aetna
PO Box 981108
El Paso, TX 79998-1106

Re:   Patients:   See Attached Exhibit
**STATUTORY DEMAND LETTER PURSUANT TO TEX. INS. CODE §541.151**

Dear Sir or Madam,

The undersigned has been retained to recover the full amount of the above referenced claims for services rendered by RGOI ASC, Ltd (RGOI).

Plaintiff is an ambulatory, free-standing, surgery center (ASC) and performs arthroscopic surgery on patients insured by Aetna. Between 2011 and 2015 RGOI provided its ASC facility for the patients set out on the spreadsheet attached hereto. The total amount billed was $478,828, Aetna allowed between 20-25% and of that amount and has paid a meager $70,327.98. The basis of the under payments as been consistent. These policies pay a usual & customary (U&C) or reasonable and customary (R&C) reimbursement. RGOI maintains historical allowable and payment data on Aetna. The average allowable for RGOI's facility fee is between $15,000 and $18,000. RGOI has verified the reimbursement methodology for all of the above claimants and these claims should have been paid with an allowable of 367,546.00 and a total payment of $217,717.00. A spreadsheet showing each patient claim is attached hereto

The services were performed and properly billed. Prior to performing services Plaintiff contacted Aetna and verified the existence of benefits and the payment methodology. Aetna acknowledged the policies were in effect and that benefits for the ASC were covered. As a result of Aetna's representations Plaintiff agreed to provide services, which it did. The representations made by Aetna were false and as a result Plaintiff has been damaged as set out herein above.

The outstanding balance due on all these claims is $147,389.02. If within sixty-days from the date of this letter Aetna has not paid this claim in full as outlined above, RGOI will file suit under all legal theories available to it in the court of appropriate jurisdiction for Hidalgo County, Texas, including a claim for damages under Texas Insurance Code §51.001 et. seq. Because Aetna's conduct appears to be both knowing and intentional, RGOI will seek to recover treble damages as provided under the statute. Pursuant to Tex. Ins. code §541.151, this letter is to serve as the statutory demand letter for the payment in full of the entire claim (s). In addition RGOI seeks attorney's fees incurred to date of $2500.

Exhibit B

**C-0889-16-C**

    Please contact me at any of the numbers on this letterhead if you wish to discuss my client's demand or any other aspect of this case.

    Regards,

    **WEITZ MORGAN PLLC**

    Mark A. Weitz