IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RGOI ASC, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 7:16-cv-167 |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RGOI ASC, Ltd., Plaintiff in the above styled and numbered cause and files this, its First Amended Complaint against Aetna Life Insurance Company and for causes of action would show as follows:

### I.     Parties and Personal Jurisdiction

1.    Plaintiff, RGOI ASC, Ltd. (RGOI), is a Texas Limited Partnership, formed and operating under the laws of the State of Texas with its offices and principle place of business at 5520 North "C" Street, McAllen, Hidalgo County, Texas 78504.

2.    Defendant, Aetna Life Insurance Company (Aetna) is a foreign life, accident and health insurance company licensed to do business in the state of Texas with its offices and principle place of business 151 Farmington Avenue, Hartford, Connecticut 06156. It may be served with process by serving its registered agent CT Corporation Systems with citation and a copy of this complaint at 1919 Bryan Street, Suite 900 Dallas, Texas 75201. Pursuant to Tex. C. Prac. R. Code §17.042, Aetna has entered into contracts with

Texas citizens and/or committed torts in the State of Texas and has sufficient related and unrelated contacts with the State of Texas to make it amenable to suit in the courts of this state. This Court therefore has personal jurisdiction over the Defendant Aetna.

## II.     Venue and Subject Matter Jurisdiction

3.     This lawsuit involves the failure to properly pay medical service provider claims for services rendered to patients in Hidalgo County, Texas. The case was originally filed in state court and the Defendant removed the lawsuit to this Court based on complete diversity and an alleged federal question involving the application of ERISA. Plaintiff did not contest the removal based on diversity but has not conceded any aspect of Aetna's assertion that ERISA applies or preempts any part of its claims. That being said all parties agree venue is proper in this federal court and that based on at least diversity of citizenship, the Court has subject matter jurisdiction..

## IV.     Statement of Facts

4.     Plaintiff is an ambulatory, free-standing, surgery center (ASC) and performs arthroscopic surgery on patients insured by Aetna. Between 2011 and 2015, RGOI provided its ASC facility for the following patients set out on **Exhibit A** hereto. The total amount billed was $536,518, Aetna allowed between 20-25% and of that amount, Aetna has paid a meager $74,766.54.

5.     The basis of the under payments has been consistent. These policies pay a usual & customary (U&C) or reasonable and customary (R&C) reimbursement. RGOI maintains historical allowable and payment data on Aetna. The average allowable for RGOI's facility fee is between $15,000 and $18,000. RGOI has verified the reimbursement methodology for all of the above claimants and these claims should have

been paid with an allowable of $429,214.00 and a total payment of $247,686.00 as set out on **Exhibit A** attached hereto.

6. The services were performed and properly billed. Prior to performing services Plaintiff contacted Aetna and verified the existence of benefits and the payment methodology. Aetna acknowledged the policies were in effect and that benefits for the ASC were covered. As a result of Aetna's representations, Plaintiff agreed to provide services, which it did. The representations made by Aetna were false and as a result Plaintiff has been damaged as set out herein above.

### IV. First Cause of Action: Violation of Texas Insurance Code §451.151 et. seq

Plaintiff Incorporates Paragraphs 1 through 6 as if fully set forth herein and in addition would plead as follows:

7. As a medical service provider Plaintiff has standing to assert a claim for benefits provided to Defendant's insureds. As a Texas Limited partnership, Plaintiff is a person who has sustained damages as a result of the conduct of Aetna and its acts and practices as provided for in §541.151.

8. Tex. Ins. Code §541.151 (2) specifically incorporates the provisions of Tex. Bus. Comm. Code §17.46 (b). Aetna's refusal to properly pay clean claims as set out herein above is in direct violation of Tex. Bus. Comm. Code §17.46. Specifically Aetna has violated the following sub-sections of §17.46 (b):

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Aetna represented to the Plaintiff when benefits were verified that the insurance provided coverage for the insured

and his injury. As a good and/or service, Aetna's insurance has failed to perform as represented.

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Again, Aetna represented that the insurance coverage provided to the patient, upon which Plaintiff relied in providing services was valid, subsisting and would provide coverage for the facility fee. It has not.

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Plaintiff contacted Aetna to verify the existence of benefits. Had Aetna not confirmed the benefits were valid Plaintiff would not have provided its facility and in that respect Aetna's misrepresentation induced Plaintiff to provide its facility for the Patient/Insureds' surgery. In addition, Aetna has violated Tex. Ins. Code §541.060 (a) (2) (A) by failing in good faith to effectuate an equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear and by misrepresenting to a claimant a material fact or policy provision relating to coverage.

9. Pursuant to Tex. Ins. Code §541.152 (a) (1) Plaintiff, may bring a claim for actual damages because Plaintiff relied, to its detriment on the conduct of Aetna which violates the three specific provisions of §17.46 (b) enumerated above. Plaintiff may also bring a claim for actual damages pursuant to Tex. Ins. Code 541.151 (1) for a violation of Tex. Ins. Code §541.060. Plaintiff alleges that the conduct of Aetna has been committed

knowingly and intentionally as defined by Tex. Ins. Code §541.152 (b). As such Plaintiff is entitled to three times the amount of its actual damages with regard to any violation of Texas Bus. Comm. Code §17.46 (b).  Pursuant to the provisions of §154.152 (a) (1) Plaintiff is also entitled to its reasonable and necessary attorney's fees and costs of court.

10.     Although Plaintiff made numerous appeals on the claims that form the basis of the lawsuit, the Plaintiff did provide the notice required under Tex. Ins. Code §541.154 and allowed Aetna sixty days to resolve the dispute or otherwise settle the disputed claims. Plaintiff has been damaged in the amount set out herein above and asks this court to award it those damages along with any and all trebling as provided by the statute.

### VI.  Second Cause of Action: Negligent Misrepresentation

Plaintiff incorporates paragraphs 1-6 as if fully set out herein below and in addition and/or the alternative would plead as follows:

11.     The elements of negligent misrepresentation in Texas are as follows:

(1) The defendant provided information in the course of his business, or in a transaction in which he has a pecuniary interest;

(2) The information supplied was false;

(3) The defendant did not exercise reasonable care or competence in obtaining or communicating the information;

(4) The plaintiff justifiably relied on the information; and

(5) The plaintiff suffers damages proximately caused by his reliance on the false information, *Larsen v Carlene Langford & Associates Inc.,* 41 S.W.3d 245 (Tex. App.-Waco 2001 no pet. h.)

12. As set forth herein above, Aetna provided information as to the existence and viability of insurance. That information was false and Aetna failed to exercise reasonable care in providing evidence and representations of coverage. The Plaintiff agreed to and in fact performed the services described above. Plaintiff has now been damaged economically as a result of its justifiable reliance on Aetna's misrepresentations for which it prays relief be granted.

WHEREFORE PREMSIES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon trial on the merits that it be awarded judgment as follows:

1. $172,919.46 for the wrongful denial of the clean claims as provided for in the Texas Ins. Code §541.151 et. seq.;

2. For three times the amount of actual economic damages for the knowing and intentional nature of the Defendant's conduct;

3. For attorney's fees as provided for in the Texas Ins. Code §451.152 (1);

4. $172,996.14 for the negligent misrepresentation as to the existence and extent of insurance coverage for the Patient/Insureds.

5. For any and all other relief whether at law or in equity to which the Plaintiff is otherwise entitled.

Respectfully Submitted,


/S/ Mark A. Weitz_____
Mark A. Weitz
TX SB Bar # 21116500
*mweitz@weitzmorgan.com*
Weitz Morgan PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
512-394-8950 (direct)
512-657-1849 (mobile)
512-852-4446 (facsimile)

Chris Franz
Texas Bar No. 0792514
*igw@peralezfranzlaw.com*
PERALEZ FRANZ, LLP
1416 Dove Avenue
McAllen, Texas 78504
Telephone: 956.682.3660

**ATTORNEYS FOR PLAINTIFF**
**RGOI   ASC, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2016, I served a true and correct copy of the Plaintiff' First Amended Complaint on the following Counsel of Record for the Defendant:

| | |
|---|---|
| OF COUNSEL:<br>ANDREWS KURTH LLP<br>John B. Shely<br>Texas Bar No. 18215300<br>S.D. ID No. 7544<br>*jshely@andrewskurth.com*<br>Jared Robert Weir<br>Texas Bar No. 24075253<br>S.D. ID No. 2581714<br>*jaredweir@andrewskurth.com*<br>600 Travis, Suite 4200<br>Houston, Texas 77002 | Dimitri Zgourides<br>Texas Bar No. 00785309<br>S.D. ID No. 16513<br>*dzgourides*@andrewskurth.*com*<br>ANDREWS KURTH LLP<br>600 Travis, Suite 4200<br>Houston, Texas 77002<br><br>**ATTORNEY-IN-CHARGE FOR DEFENDANT AETNA LIFE INSURANCE COMPANY** |

/S/ Mark A. Weitz
Mark A. Weitz

**AETNA**

| | Patient | DOS: | Appeal Sent | Denial date | Claim # | Billed | Allowed | Paid | Expected Allowable | Expected Pay |
|---|---|---|---|---|---|---|---|---|---|---|
| 1.) | D. R. | 4/9/11 | 12/23/15 | 2/29/16 | QB00 | $19,395 | $2,985 | $1,743.31 | $15,516 | $9,309 |
| 2.) | R. L. | 9/24/11 | 12/5/11 | 1/2/12 | NB00 | $34,823 | $3,952 | $3,162.00 | $27,858 | $13,929 |
| 3.) | A. V. | 10/20/11 | 2/7/12 | 2/21/12 | 4WZF | $27,595 | $6,076 | $3,592.25 | $22,076 | $13,245 |
| 4.) | A. C. | 10/22/11 | 1/20/12 | 3/20/12 | DG00 | $18,095 | $2,474 | $0.00 | $14,476 | $10,133 |
| 5.) | L. O. | 11/19/11 | 12/23/15 | 1/22/16 | QH00 | $20,195 | $5,311 | $1,986.90 | $16,156 | $9,693 |
| 6.) | M. S. | 4/28/12 | 12/16/15 | 1/12/16 | 3500 | $26,795 | $6,314 | $157.24 | $21,436 | $10,718 |
| 7.) | R. R. | 8/11/12 | 2/17/16 | 3/4/16 | X300 | $20,585 | $5,528 | $514.21 | $16,468 | $8,234 |
| 8.) | E. W. | 11/15/12 | 12/16/15 | 2/10/16 | T700 | $22,335 | $2,374 | $0.00 | $17,868 | $12,507 |
| 9.) | L. M. | 4/13/13 | 12/23/15 | 3/11/16 | HC00 | $19,095 | $9,810 | $4,905.25 | $15,276 | $9,165 |
| 10.) | E. C. | 6/14/13 | 7/19/13 | 11/12/13 | G400 | $18,735 | $1,818 | $1,037.25 | $14,988 | $10,491 |
| 11.) | X. S. | 8/23/13 | 10/1/13 | 3/10/14 | RW00 | $18,070 | $1,818 | $1,272.97 | $14,456 | $10,119 |
| 12.) | J. G. | 9/21/13 | 11/19/13 | 3/10/14 | N800 | $12,260 | $1,542 | $0.00 | $9,808 | $4,904 |
| 13.) | K. D. | 11/23/13 | 3/18/14 | 7/9/15 | KC00 | $20,795 | $1,150 | $690.00 | $16,636 | $9,981 |
| 14.) | J. E. | 12/13/14 | 1/13/15 | 1/23/15 | 2700 | $22,090 | $3,285 | $1,971.29 | $17,672 | $10,603 |
| 15.) | I. J. | 4/17/15 | 5/6/15 | 8/23/15 | 2P00 | $23,590 | $9,298 | $6,508.25 | $18,872 | $13,210 |
| 16.) | N. C. | 6/20/15 | RECOUPED | $5,459 | RX00 | $27,295 | $23,941 | $23,941.45 | $21,836 | RECOUPED $5,459 |
| 17.) | G. D. | 8/15/15 | 12/29/15 | 1/28/16 | FX00 | $28,360 | $11,682 | $6,610.74 | $22,688 | $13,612 |
| 18.) | M. C. | 11/14/15 | 12/16/15 | 1/13/16 | F900 | $22,065 | $1,776 | $1,065.82 | $17,652 | $10,591 |
| 19.) | L. G. | 11/12/15 | 1/4/16 | 2/22/16 | S200 | $28,615 | $9,910 | $6,937.00 | $22,892 | $16,024 |
| 20.) | M. G. | 11/6/15 | 12/19/15 | 12/28/15 | S500 | $22,625 | $5,158 | $2,578.91 | $18,100 | $9,050 |
| 21.) | D. G. | 12/4/15 | 1/19/16 | 2/10/16 | S400 | $25,415 | $2,755 | $1,653.14 | $20,332 | $12,199 |
| 22.) | G. M. | 3/4/16 | 4/19/16 | 5/19/16 | 2100 | 28,470 | $3,827 | $2,837.69 | $22,776 | $15,943 |
| 23.) | L. B. | 9/8/16 | 10/10/16 | Pending | V200 | $29,220 | $2,761 | $1,600.87 | $23,376 | $14,026 |
| | | | | | **TOTAL:** | **$536,518** | **$125,545** | **$74,766.54** | **$429,214** | **$247,686** |

**EXHIBIT A**